## The Sarah Cullen.

### Knickerbocker Steam Towage Co. *v.* The Sarah Cullen.

*(Circuit Court of Appeals, Second Circuit. November 7, 1891.)* .

MARITIME LIEN—TOWAGE—CREDIT OF THIRD PERSON.
    Libelant rendered towage service to a vessel without express employment by her master, or agreement to pay. Libelant was afterwards informed that the R. Ice Company was to pay for the towage, and thereafter, for the above and subsequent towage services, rendered bills to such ice company, which were paid in part. No notice was given to the vessel owner that the ship was expected to pay for the towage until the failure of the ice company, six months after the first voyage. *Held,* that the service was not rendered on the credit of the vessel, but on the credit of the charterer. 45 Fed. Rep. 511, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Admiralty. Libel for towage by the Knickerbocker Steam Towage Company against the schooner Sarah Cullen. A decree dismissing the libel was affirmed by the circuit court, and libelant appeals. Affirmed.

It appeared that the schooner was at the time under charter to the Knickerbocker Ice Company, which had agreed to pay for all towages in the Kennebec river. Previous to the rendering of the towage sued for, the libelant had rendered other towage services to the schooner, the bills for which had been paid by the Ridgewood Ice Company. No notice was given the master or owners of the vessel that they were expected to pay these towage bills until after the failure of the Ridgewood Ice Company, and the claimants contended that the services were not rendered on the credit of the vessel, but at the request and on the credit of the ice company. The district court found that the services were not rendered on the credit of the vessel, and dismissed the libel, (45 Fed. Rep. 511;) and, on appeal, a *pro forma* affirmance was rendered by the circuit court, whence libelant appealed to this court.

*Wing, Shoudy & Putnam,* for appellant.

*Owen, Gray & Sturges,* for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. We are satisfied that the towage service, for the recovery of which this libel is filed, was not rendered on the credit of the schooner or her owners, but both her master and the libelant understood that the towage was to be collected of the Ridgewood Ice Company, the charterer of the vessel. The decree of the circuit court is affirmed, with costs of this court, and the cause remanded to that court, with directions to render a decree accordingly.