# The Erastina.

## The Elm Park.

### Harris *v.* The Elm Park and The Erastina.

*(District Court, S. D. New York. April 2, 1892.)*

1. Maritime Liens—Towage.
   Towage services are presumptively a lien on the vessel. It is for the claimant to prove a personal credit only, or to show circumstances that negative a credit to the vessel.

2. Same.
   On the evidence in this case, *held*, that the towage services were rendered on the credit of the vessel.

In Admiralty. Libel for towage.
*Hyland & Zabriskie,* for libelant.
*Carpenter & Mosher* and *A. A. Wray,* for claimant.

· Brown, District Judge. The only point litigated is whether the towage service was a lien upon the boats. The service sued for was rendered upon several trips during the month of July, 1891. Similar services had been rendered prior to July under a contract with one

Symonds, who was not the owner of the boats; but Symonds paid the libelant in full up to the 1st day of July. In the month of June the owner of the scows by a written contract with Symonds agreed to take the place of Symonds in the business for which the scows were engaged, and to assume his obligations. The claimant desired the libelant to accept him in place of Symonds as respects the pay for towages, which the libelant, not then knowing that the claimant was the owner of the scows, refused to do, except upon Mr. Symonds' security. On the 11th of July, being informed that the claimant was the owner of the scows, and being told by the claimant that the scows should stand as security for his towage, the libelant agreed to deal with the claimant on the same terms as those on which he had previously dealt with Symonds, dating as from the 1st day of July, and therefore including the intermediate towages; but this agreement was on condition that the claimant should pay the libelant's bill against Symonds up to July 1st, for which the claimant then held a check from Symonds for the libelant's benefit, to which the claimant agreed; and at the same time the libelant released Symonds from his contract and from his personal liability for the previous towages. The claimant, however, instead of delivering to the libelant the check given him for the libelant's benefit, used it for his own benefit; and it was not until long afterwards that the libelant received from Symonds the amount due to him for towages up to the 1st of July. For this reason the written contract between the libelant and claimant, though drawn up, was never executed and delivered; but under the verbal arrangement above recited, the towages were continued upon the claimant's orders. Nothing has been paid on account, and this libel was filed for the towages after the 1st day of July.

Towage services are presumptively a lien upon the vessel. It is for the claimant to prove a personal credit only, or to show circumstances that negative a credit of the vessel. The evidence, however, leaves no doubt that the towages from and after July 11th were on the express credit of the scows. For such services as had been previously rendered between that date and the 1st of July, the claimant had given to the libelant his individual orders for the towage. The claimant was also not only the owner of the scows, but he was in fact the principal in the business for which the scows were used, since he had assumed Symonds' place under the contract previously executed with him. In addition to that, the evidence shows that on the 11th of July the claimant agreed that the scows should be security to the libelant for his towages between that date and the 1st of July, as well as for future towage; and on the faith of this agreement the libelant released Symonds from liability for the prior towages since July 1st. These circumstances are abundant grounds for a lien upon the scows for the services previously rendered between July 1st and 11th, whether there was already a lien therefor or not. The failure to execute and deliver the written contract drawn up between the libelant and the claimant, in consequence of the latter's wrong conduct, does not affect the libelant's claim or lien for what was actually done by him on the faith of the verbal agreement.

The disputed item for demurrage in June can no longer be litigated, as it was settled by Symonds; the item for demurrage in July is not established.

Decree for the libelant for the amount claimed, with interest and costs.