THE TILLIE A.

THE ELLEN J.

CORNELL STEAMBOAT CO. v. THE TILLIE A.

SAME v. THE ELLEN J.

(District Court, S. D. New York. October 30, 1897.)

TOWAGE—CHARTERED SCOW—IMPLIED NOTICE—NO LIEN.

The C. Steamboat Co. was in the habit of towing boats belonging to S. & S. on the North river, and rendering to them in New York monthly accounts for towages for payment. S. & S. chartered the above-named two scows to one Van Buren, and, according to the testimony, gave notice of the charter by telephone to the steamboat company, and that S. & S. would not be responsible for any bills. The company's testimony denied such notice, and alleged that the telephone message was to tow the scows to Fishkill and send bills to Van Buren. Others in the company's office testified that inquiries were made as to the standing of Van Buren. The bills for these towages were rendered at Fishkill, and not to S. & S. until several months afterwards. *Held*, that the libelant company was at least sufficiently put upon inquiry as to the facts, and that the towages were no lien upon the scows.

These were two libels in rem to recover towage.

Edwin J. Davis, for libelant.

Macklin, Cushman & Adams, for claimants.

BROWN, District Judge. The above libels were filed to recover for the towage of the scows Tillie A. and Ellen J. from New York to Fishkill and back, in July and August, 1896. The scows, owned by Sheridan & Shea, had been chartered by them to one Van Buren at Fishkill. Sheridan & Shea had been in the habit of having various boats belonging to them towed by the Cornell Steamboat Company, for which towage bills were rendered to them from month to month in the usual course of business. At the time these two scows were chartered to Van Buren, a clerk in the office of Sheridan & Shea, according to his testimony, gave notice by telephone to the office of the Cornell Steamboat Company that the two scows were chartered, and that they would not be responsible for any bills on the scows' account, and that the steamboat company must look to Van Buren for their pay. The employés of the steamboat company testify that the message received was: "Tow scow Ellen J. to Fishkill and send bill to Van Buren." They deny that any notice of the charter was given, or that Sheridan & Shea would not be responsible for the bills. One of the employés, however, states that inquiry was made if they knew the standing of Van Buren; which the respondents' clerk says was an inquiry made of them in reference to

agreeing to the proposed charter. Two witnesses for the claimants confirm their version of the conversation by telephone; and the subsequent conduct of the libelant is in accord with this, inasmuch as the bills for towing were sent to Fishkill, and were not sent to Sheridan & Shea with their usual monthly bills until some months after, when it was found that the bills could not be collected at Fishkill. The bookkeeper of the libelant further states that it was not usual to direct bills to be sent to another party for collection; and as no bills were rendered for these towages in the ordinary monthly accounts against Sheridan & Shea as for other towages, the natural inference is strong that the bills for the towages in question were understood not to be chargeable to Sheridan & Shea. The evidence further shows also, that the towages were not ordered by Sheridan & Shea or by the care-taker of these scows, the only man who is kept on such boats.

Under the above circumstances, I think neither Sheridan & Shea nor the scows were liable for these towages; but that the libelant received by telephone if not express notice of the charter, at least abundant notice to put it on guard and upon inquiry, such as would prevent the acquisition of a lien for towages that were neither ordered by the owners, nor by anybody having authority to bind them or their boats. For towage services rendered in the exigencies of navigation there is at least a presumptive lien upon the boat (The Erastina, 50 Fed. 126); but in the ordinary course of such business as the towage of the scows in this case, when it appears either that the boat or the owner was not to be charged for the service, or that the circumstances or dealings were such as to apprise the tower of that fact, the presumptive lien cannot be upheld any more than in the cases of ordinary supplies under similar circumstances. The Sarah Cullen, 45 Fed. 511; Id., 1 C. C. A. 218, 49 Fed. 166. The evidence shows that Van Buren in person procured the first scow to be taken to the libelant's stake-boat for towage. There is no evidence how the other scow came to be towed. The libelant in performing the service after the notice given it by Sheridan & Shea without further inquiry, and so far as it appears without any order from any one, took the risk of what such inquiries would have made known to it, namely that it had no right to charge Sheridan & Shea or the scows for the towage services. The Kate, 164 U. S. 458, 465, 470, 17 Sup. Ct. 135; The Valencia, 165 U. S. 264, 17 Sup. Ct. 323. This case is substantially the same as the cases last cited.

The libels are dismissed, with costs.